UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLAN TORRES, | : | |
| | : | Civil Action No.: _1:25-cv-01957_ |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY DEMANDED** |
| | : | |
| VEGA AUTO DETAILING, LLC | : | |
| | : | |
| and | : | |
| | : | |
| JONATHAN VEGA, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff Allan Torres, through undersigned counsel, hereby files this action against Defendants Vega Auto Detailing, LLC, and Jonathan Vega, and in support thereof, avers as follows:

**I.    PARTIES AND JURISDICTION**

1. Plaintiff Allan Torres is an adult individual residing in Hammonton, Atlantic County, New Jersey.

2. Defendant Jonathan Vega is an individual residing at 58 Dogwood Lane, Hammonton, NJ 08037, and the owner of Defendant Vega Auto Detailing, LLC.

3. Defendant Vega Auto Detailing, LLC, is a corporation with a principal place of business at 731 White Horse Pike, Hammonton, NJ 08037.

4. At all relevant times herein, Defendants were employers of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey wage laws.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

6. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine Plaintiff's related state law claims arising under the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("WHL"); and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.* ("WPL") (together, "New Jersey wage laws") because they arise out of the same circumstances and are based on a common nucleus of operative fact.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e) because the unlawful employment practices alleged occurred in this District and because all parties reside in the District.

## II.    FACTUAL ALLEGATIONS

8. In or about April 2016, Plaintiff was hired by and began working for Defendants.

9. Defendants are employers covered by the record-keeping and overtime pay mandates of the FLSA, WHL, and WPL.

10. During the term of his employment from April 2016 until February 2024, approximately 409 weeks, Plaintiff was under the reasonable and working impression that he was in fact a direct employee of Defendants.

11. Plaintiff's job duties included auto detailing and providing customer service to business patrons.

12. Plaintiff worked an average of 11.5 hours a day. Plaintiff's hours were from 9AM to 8PM from Monday through Saturday, but he would often stay late or leave early.

13. In total, he worked approximately 70 hours each week.

14. Plaintiff's work schedule remained the same throughout the entire term of employment.

15. During the term of employment, Plaintiff experienced no gaps in work, and did not take any vacation time off.

16. During the term of employment, Plaintiff received his pay in cash.

17. On information and belief, Defendants did not keep a record of Plaintiff's hours.

18. Plaintiff received $1,260.00 per week (a pay rate of $18.00 per hour) throughout the entire term of his employment.

19. On or around June 2016, approximately two months after he began working for VEGA AUTO DETAILIC, LLC, Plaintiff began complaining to Defendants that they were not paying him the amount of money he was owed for his overtime wages in excess of 40 hours a week.

20. Defendants never corrected this.

21. Defendants began to threaten Plaintiff when he would ask for the overtime wages they owed him. Defendants threatened to call immigration services on Plaintiff and have him deported.

22. Defendants fired Plaintiff in February 2024 because Plaintiff had complained that he was not paid the overtime pay that he was owed.

23. Also in retaliation, Defendant JONATHAN VEGA's father, Reynaldo Vega, has made a number of threats against Plaintiff over text message.

24. On February 14, 2025, approximately one week after Plaintiff's counsel sent a letter to Defendants asking for the wages owed to Plaintiff, Defendant JONATHAN VEGA attempted to crash his car into Plaintiff's car in retaliation.

25. Defendant JONATHAN VEGA's father, Reynaldo Vega, who is also Plaintiff's landlord, evicted Plaintiff from his home in retaliation for complaining about his underpayment by Defendants. As a result of this, and as a result of the unlawful termination, Plaintiff now lives in his car.

26. During the entire term of his employment, Plaintiff was not paid overtime compensation for the hours worked over 40 hours in a week.

27. Defendants were aware of the WHL and WPL requirement to pay employees the minimum wage and overtime.

28. Defendants did not post a notice explaining the FLSA in conspicuous places within the place of business.

### III.   CAUSES OF ACTION

#### COUNT ONE
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* – FAILURE TO PAY OVERTIME WAGES

29. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth at length below.

30. During the term of his employment, Plaintiff was an employee under the FLSA.

31. During the term of his employment, Plaintiff routinely worked in excess of forty (40) hours a week for which he did not receive overtime pay.

32. Defendants were at all times aware of Plaintiff's non-exempt status as well as his having worked in excess of forty (40) hours a week on a routine basis.

33. Defendants failed to provide Plaintiff the lawful compensation to which he was entitled.

34. Defendants are liable for any unpaid overtime wages and an equal amount of liquidated damages under section 16(c) of the FLSA or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants requiring compensation for damages suffered in the form of unpaid overtime wages, an equal amount of liquidated damages, and reasonable attorney's fees and costs.

## COUNT TWO
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* – RETALIATORY ACTION

35. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth at length below.

36. During the term of his employment, Plaintiff was an employee of Defendants under the FLSA.

37. During his employment, Plaintiff complained to Defendants that they were not paying him the overtime wages he was owed, and announced his intent to file a complaint to secure those wages.

38. In or around February 2024, Defendants terminated Plaintiff's employment in retaliation for his pursuing a complaint against Defendants.

39. Defendants are liable for payment of wages lost as a result of their retaliatory action against Plaintiff and an equal amount of liquidated damages under section 16(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants requiring compensation for damages suffered in the form of payment of wages lost, an equal amount of liquidated damages, and reasonable attorney's fees and costs.

### COUNT THREE
### VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR ACT
### N.J.S.A. § 34:11-56a *et seq.* - FAILURE TO PAY OVERTIME WAGES

40. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth at length below.

41. During the term of his employment, Plaintiff was a non-exempt employee under the WHA.

42. During the term of his employment, Plaintiff routinely worked in excess of forty (40) hours a week for which he did not receive overtime pay.

43. Defendants were at all times aware of Plaintiff's having worked in excess of forty (40) hours a week on a routine basis.

44. Defendants failed to provide Plaintiff with the lawful compensation to which he was entitled.

45. Defendants are liable for any unpaid overtime wages and an amount equal to two hundred (200) percent of those unpaid overtime wages in liquidated damages under N.J.S.A. § 34:11-4.10(c)

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants requiring compensation for damages suffered in the form of unpaid overtime wages, an amount equal to two hundred (200) percent of those unpaid overtime wages in liquidated damages, and reasonable attorney's fees and costs.

## COUNT FOUR
### VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. § 34:11-4.1, *et seq.* - FAILURE TO PAY OVERTIME WAGES

46. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth at length below.

47. During the term of his employment, Plaintiff was a non-exempt employee of Defendants under the WPL.

48. During his employment, Plaintiff routinely worked in excess of forty (40) hours a week, for which he did not receive overtime pay.

49. Defendants were at all times aware of Plaintiff's non-exempt status as well as his having worked in excess of forty (40) hours a week on a routine basis.

50. Defendants failed to provide Plaintiff the compensation to which he was lawfully entitled.

51. Defendants are liable for any unpaid overtime wages and an amount equal to two hundred (200) percent of those unpaid overtime wages in liquidated damages under N.J.S.A. § 34:11-4.10(c)

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants requiring compensation for damages suffered in the form of unpaid overtime wages, an amount equal to two hundred (200) percent of those unpaid overtime wages in liquidated damages, and reasonable attorney's fees and costs.

## COUNT FIVE
### VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. § 34:11-4.1, *et seq.* - RETALIATORY ACTION

52. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though set forth at length below.

53. During the term of his employment, Plaintiff was a non-exempt employee of Defendants under the WPL.

54. During his employment, Plaintiff complained to Defendants that they were not paying him the overtime wages he was owed.

55. In or around February 2024, Defendants terminated Plaintiff's employment in retaliation for his pursuing a complaint against Defendants.

56. Defendants are liable for payment of wages lost as a result of their retaliatory action against Plaintiff and an amount of liquidated damages equal to two hundred (200) percent of the wages due to Plaintiff under N.J.S.A. § 34:11-4.10(c).

57. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

58. As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants requiring compensation for damages suffered in the form of payment of wages lost, an amount equal to two hundred (200) percent of the wages due in liquidated damages, and reasonable attorney's fees and costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Allan Torres respectfully requests that this Court enter an Order providing the following relief:

A. An award of unpaid overtime wages due under the Fair Labor Standards Act and New Jersey Wage Laws;

B. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New Jersey Wage Laws;

C. An award of the costs and expenses of this action and reasonable attorneys' fees, as provided by applicable federal and state law; and

D. Any other further relief this Court deems just, proper and equitable.

Dated: March 18, 2025                                    Respectfully submitted,

*/s/ Karen L. Hoffmann*
Karen L. Hoffmann, Esq.
NJ ID No. 203412022
ELLENBERG LAW GROUP
1500 JFK Blvd., Ste. 1825
Philadelphia, PA 19102
(215) 790-1682
karen@sellenberglaw.com

*Attorney for Plaintiff Allan Torres*